# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| CERTIFIED PRESSURE TESTING, LLC | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-CV-2783-S |
| MARKEL AMERICAN INSURANCE COMPANY and ALFRED JOHNNIE WHITE | § § § § | |

### MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Plaintiff's Motion for Remand and Brief in Support ("Motion for Remand") and Motion for Costs ("Motion for Costs") [ECF No. 6]. For the following reasons, the Court **GRANTS** the Motion for Remand and **DENIES** the Motion for Costs.

### I. BACKGROUND

On May 8, 2020, Certified Pressure Testing, LLC ("Plaintiff") initiated this action in County Court at Law No. 4, Dallas County, Texas, against Defendant Alfred Johnnie White ("White") and Defendant Markel American Insurance Company ("MAIC"). Def.'s Am. Notice of Removal ¶ 5 [ECF No. 4]. Plaintiff alleges that White stole equipment from Plaintiff and MAIC refused to pay the related insurance claim. *Id.*, Ex. B-2 ("Original Petition"). Almost four months later, MAIC removed on the basis of diversity jurisdiction. Def.'s Notice of Removal ("Original Notice of Removal") [ECF No. 1]. Because MAIC failed to properly allege Plaintiff's citizenship in the Original Notice of Removal, the Court ordered MAIC to submit an amended notice of removal. Order [ECF No. 3]; Def.'s Am. Notice of Removal ("Amended Notice of Removal") [ECF No. 5].

The parties do not dispute that: (1) the amount in controversy exceeds $75,000; (2) Plaintiff is a citizen of Texas, California, and Illinois; and (3) MAIC is a citizen of Virginia. *See* Am.

Notice of Removal ¶¶ 12-14, 16. The dispute hinges on White's citizenship. Although the Original Petition states that White is a "resident" of Texas, MAIC claims that White's counsel provided MAIC with an email from White, dated September 2, 2020 ("White Email"), in which White claims he has been a life-long Louisiana resident. *See* Def.'s Br. in Supp. of its Resp. to Pl.'s Mot. to Remand ("Response") [ECF No. 8] 11-12. MAIC subsequently received an affidavit from White, dated September 21, 2020, in which White asserts that he is a resident and citizen of Louisiana. Am. Notice of Removal, Ex. A ("White Affidavit"). Thus, according to MAIC, the action is removable on the basis of diversity of citizenship. *Id.* ¶ 15. Plaintiff disputes White's alleged Louisiana citizenship and further contends that MAIC's removal is not timely because MAIC did not remove the action within 30 days of MAIC's receipt of the Original Petition. *See* Mot. for Remand 5, 10, 13-14. MAIC, on the other hand, claims that it was not aware that the case was removable until September 3, 2020, the date MAIC received the White Email. *See* Resp. 11-12. MAIC alleges it promptly removed the action within 30 days of its receipt of this information. *See id.*

Plaintiff filed the instant Motion for Remand, asserting, among other things, that removal was improper because: (1) MAIC's removal was untimely; (2) MAIC failed to prove that White is not a citizen of Texas; (3) MAIC waived its right to removal by substantially invoking state court jurisdiction; and (4) White did not consent to removal. Mot. for Remand 7-14. Plaintiff also requests attorney's fees and costs. *Id.* at 4, 14-15. The Motion for Remand is now ripe and pending before the Court.[1]

---

[1] Also pending before the Court are Plaintiff's Motion to Strike Defendant Alfred Johnnie White's Original Answer and Counterclaim Pursuant to Rule 5(d)(3), and Subject Thereto, Plaintiff's Motion for a More Definite Statement [ECF No. 19], and Plaintiff's Motion for Leave to Propound Depositions on Written Questions to Nations Reliable Lending, LLC ("Motion for Leave") [ECF No. 20].

## II. LEGAL STANDARD

A civil action brought in state court may be removed to the district court where such action is pending if the district court has original jurisdiction. 28 U.S.C. § 1441(a). The removing party bears the burden to show that federal jurisdiction is proper. *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009) (citation omitted). Because removal raises significant federalism concerns, removal is strictly construed and any doubt about the propriety of removal jurisdiction is resolved in favor of remand. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citation omitted). The two principal bases upon which a district court may exercise removal jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331; and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332. *Hutchins Warehouse Ltd. Partners v. Am. Auto. Ins. Co.*, Civil Action No. 3:16-cv-3336-G, 2017 WL 2691315, at *1 (N.D. Tex. June 22, 2017).

When, like here, the suit is removed on the basis of diversity, the removing party must establish by a preponderance of the evidence that: (1) the amount in controversy exceeds $75,000; and (2) all persons on one side of the controversy are citizens of different states than all persons on the other side of the controversy. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citation omitted); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) ("The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists.") (citation omitted). Diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 248-49 (5th Cir. 1996).

"When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) (citation omitted). "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it

3

may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Coury*, 85 F.3d at 249 (citation omitted).

### III. ANALYSIS

#### A. *Timeliness of Removal*

MAIC relies on 28 U.S.C. § 1446(b)(3) to support its assertion that removal was timely. Title 28 U.S.C. § 1446 governs the procedural aspects of removal, including timeliness. 28 U.S.C. § 1446. In general, a notice of removal must be filed within 30 days of the defendant's receipt of the initial pleading. *See* 28 U.S.C. § 1446(b)(1). If the case stated by the initial pleading is not removable, the 30-day removal clock may restart when, in certain circumstances, it becomes *first* ascertainable that an action is removable. *See* 28 U.S.C. § 1446(b)(3) (emphasis added). The statute provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* Under the statute, "other paper" may include items such as deposition transcripts, *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996), answers to interrogatories, *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992), and correspondence between opposing counsel, *Stramel v. GE Cap. Small Bus. Fin. Corp.*, 955 F. Supp. 65, 67 (E.D. Tex. 1997). The Fifth Circuit has stated that the 30-day removal period in 28 U.S.C. § 1446(b)(3) is triggered only when information supporting removal is "unequivocally clear and certain" from the amended pleading, motion, order, or other paper. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). Thus, pursuant to the plain language of 28 U.S.C. § 1446(b)(3), the timeliness of removal in this case turns on whether MAIC can establish that it received a copy of an "amended

pleading, motion, order, or other paper" from which it could "first be ascertained" that the case was removable.

MAIC argues that the Original Notice of Removal was timely because it was filed within 30 days from the date MAIC received the White Email. *See* Am. Notice of Removal ¶ 18. Specifically, MAIC maintains that this new information qualified as "other paper" under 28 U.S.C. § 1446(b)(3), affording MAIC a second thirty-day period in which to remove. *See id.* Plaintiff, on the other hand, asserts that the Original Notice of Removal was not timely because the Original Petition did not state White's citizenship—only White's *residence*, which Plaintiff claims should have prompted MAIC to exercise due diligence and timely investigate White's *citizenship* within 30 days from its receipt of the Original Petition. *See* Mot. for Remand 9, 13.

The Court finds that MAIC did not timely remove this action, but for a reason not directly addressed by the parties.[2] The Fifth Circuit has specifically found that "other paper" requires a "voluntary act by the plaintiff." *S.W.S. Erectors Inc.*, 72 F.3d at 489 (citation omitted). In other words, an action that is not initially removable can only become removable based on a voluntary act by a plaintiff—not a voluntary act by a defendant. *See, e.g., id.* at 494 (finding that "an affidavit created by the defendant and based on the defendant's subjective knowledge cannot convert a non-removable action into a removable one"); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961) (explaining that an initially non-removable case "cannot be converted into a removable one by evidence of the defendant"); *Addo v. Globe Life Acc. & Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000) (citation omitted) (finding that plaintiff's demand letter that gave defendant notice of the amount in controversy was "other paper" and noting that "the letter in this

---

[2] The Court may *sua sponte* consider a procedural defect not addressed by the parties, which may constitute an independent ground for remand. *See Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 284 (5th Cir. 2004) (rejecting argument that court may not *sua sponte* consider a procedural defect that is not raised in timely-filed motion for remand based on other procedural defects).

5

case complies with our rule that 'other paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction"); *John Hunter, Inc. v. Great Impressions Apparel, Inc.*, 313 F. Supp. 2d 644, 646 (N.D. Tex. 2002) (citation omitted) (noting that a defendant's affidavit does not constitute "other paper"); *Jones v. Hartford Fire Ins. Co.*, 347 F. Supp. 2d 328, 331 (S.D. Miss. 2004) (quoting *Addo*, 230 F.3d at 762) (internal quotation marks omitted) ("Other paper is continually defined as the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction."); *Russell v. Home State Cnty. Mut. Ins. Co.*, 244 F. Supp. 2d 669, 672 (E.D. La 2003) (finding letter sent from defense counsel to plaintiff's counsel was not "other paper" because it did not stem from a voluntary act of plaintiff); *Borquez v. Brink's Inc.*, Civil Action No. 3:10-cv-380-O, 2010 WL 931882, at *6 (N.D. Tex. Mar. 12, 2010) (finding affidavit of co-defendant's employee shedding light on the citizenship of other co-defendants was not "other paper" because the affidavit did not arise from a voluntary act of the plaintiff).

Assuming *arguendo* that either of the dates MAIC received the White Email and/or the White Affidavit was the date it first became ascertainable that the action was allegedly removable, these documents were created by White based on White's subjective knowledge (as opposed to Plaintiff's voluntary act) and, therefore, cannot provide a basis for removal. *See S.W.S. Erectors Inc.*, 72 F.3d at 494; *de Vida v. Nautilus Ins. Co.*, Civil Action No. H-10-1078, 2010 WL 2541806, at *3 (S.D. Tex. June 23, 2010) (finding defendant's affidavit stating that he was a citizen of Indiana, not Texas as pled in plaintiff's state-court petition, was not "other paper" because the affidavit was created by defendant based on defendant's subjective knowledge).

MAIC's removal fails for another reason. As stated by the Fifth Circuit, it must be "unequivocally clear and certain" from the "other paper" that jurisdiction is proper. *See Bosky*,

288 F.3d at 211. The Court finds, however, that the White Email and White Affidavit do not affirmatively reveal that White was a Louisiana citizen during the relevant time frame. Therefore, the White Email and White Affidavit do not constitute an "other paper" from which it may first be ascertained that the case is removable. *See Brander v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 17-454-BAJ-RLB, 2017 WL 4678486, at *5 (M.D. La. Sept. 7, 2017), report and recommendation adopted, 2017 WL 4678217 (M.D. La. Oct. 17, 2017) (finding that driver's license did not affirmatively reveal defendant's citizenship and was not an "other paper" from which it could first be ascertained that case was removable). Accordingly, MAIC's Original Notice of Removal is not timely under 28 U.S.C. § 1446(b)(3), and the case must be remanded.

### B. *Diversity of Citizenship*

Alternatively, the Court finds that MAIC did not meet its burden to establish diversity of citizenship. In this case, diversity jurisdiction turns on whether White is a citizen of Texas. An individual's citizenship for purposes of diversity jurisdiction is synonymous with domicile and requires residence in fact and the intent to make the place of residence one's home. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (citations omitted). To determine domicile, courts look to a variety of factors, none of which are dispositive. *Coury*, 85 F.3d at 251. Such factors may include the places where the individual exercises civil and political rights, pays taxes, owns real and personal property, has a driver's license and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a family home. *Id.* (citation omitted). A statement of the individual's intent is relevant, but such statement is given little weight if it conflicts with objective facts. *Id.* (citation omitted).

MAIC asserts that White is a citizen of Louisiana, Resp. 7, while Plaintiff maintains that MAIC has failed to prove that White is not a citizen of Texas, Mot. for Remand 14. Both parties offer evidence in support of their respective positions.

Plaintiff's evidence includes a Deed of Trust ("Deed of Trust") and General Warranty Deed with Vendor's Lien in Favor of Third Party ("Warranty Deed"), purportedly demonstrating that White purchased real property in Texas located at 6650 W. Fuqua Drive, Missouri City, Texas on March 12, 2020.[3] Pl.'s Sur Sur-Reply to Def. MAIC's Sur-Reply in Opp. to Pl.'s Mot. for Remand, Ex. 1-A & Ex. 1-B ("Plaintiff's Sur-Reply") [ECF No. 17]. The Deed of Trust states that White shall "occupy, establish, and use the Property [6650 W. Fuqua Drive, Missouri City, Texas] as [White]'s *principal residence* within 60 days after the execution of [the Deed of Trust] and shall continue to occupy the Property as [White]'s principal residence for at least one year after the date of occupancy . . . ." *Id.*, Ex. 1-A, ¶ 6 (emphasis added). The Warranty Deed states that White's address is 6650 W. Fuqua Drive, Missouri City, Texas. *Id.*, Ex. 1-B. Plaintiff also notes that this is the same address where White was served. Mot. for Remand 3. MAIC does not dispute the authenticity of the Deed of Trust or Warranty Deed.[4]

MAIC's evidence includes the White Affidavit, a redacted copy of White's Louisiana driver's license, a Louisiana certificate of driving record, and a Louisiana voter registration. Def. MAIC's Sur-Reply in Opp. to Pl.'s Mot. to Remand ("MAIC's Sur-Reply") 3, Ex. A-1, Ex. A-2, Ex. A-3. MAIC argues that these documents demonstrate that White was a Louisiana citizen prior

---

[3] Plaintiff has filed certified copies of the Deed of Trust and Warranty Deed with the Court. Pl.'s Notice of Filing Certified Copies [ECF No. 18].

[4] Although Plaintiff attached the Deed of Trust and Warranty Deed to its Sur-Reply, MAIC subsequently responded to the Motion for Leave, which pertains to Plaintiff's request to obtain additional documents related to the financing of the Missouri City, Texas, property purchased by White. Pl.'s Sur-Reply, Ex. 1-A. MAIC opposed the Motion for Leave, but did not dispute the authenticity of the Deed of Trust or Warranty Deed. Def. MAIC's Resp. in Opp. to Pl.'s Mot. for Leave to Propound Depositions on Written Questions to Nations Reliable Lending, LLC [ECF No. 21].

to the initiation of this lawsuit and that it is Plaintiff's burden to prove that White changed his domicile from Louisiana to Texas. MAIC's Sur-Reply 5. This argument is misplaced. First, it is not clear that Plaintiff is seeking to prove that White changed his domicile from Louisiana to Texas; rather, Plaintiff's contention is that MAIC has not met its burden to prove that White is diverse. Mot. for Remand 13-14. Second, the Court finds that these documents do not conclusively establish White's citizenship at any given time period. Third, although a party attempting to show a change of domicile bears the burden of proving the change, the party invoking federal jurisdiction bears the ultimate burden of proof. *Coury*, 85 F.3d at 250 (citation omitted) ("While some opinions seem to imply that the burden of persuasion rests with the party attempting to show a change of domicile, this is an overstatement. The proper rule is that the party attempting to show a change assumes the burden of going forward on that issue. The ultimate burden on the issue of jurisdiction rests with the plaintiff or the party invoking federal jurisdiction."). Finally, White's citizenship prior to the initiation of this lawsuit is not relevant—this Court's subject matter jurisdiction is based on White's citizenship at the time the Original Petition was filed and at the time this lawsuit was removed. *Id.* at 248-49.

MAIC's evidence is not sufficient to meet its burden for several reasons. First, the White Affidavit is entitled to little weight given that it conflicts with the Deed of Trust and Warranty Deed. *See Coury*, 85 F.3d at 251; *see also Santa-Marina v. Gov't Employees Insurance Co.*, Civil Action No. 19-11766, 2020 WL 373500, at *2 (E.D. La. Jan. 22, 2020) ("While the court should consider where the litigant claims to be domiciled, his assertion is 'entitled to little weight if it conflicts with the objective facts.'") (quoting *Coury*, 85 F.3d at 251). Even if the Court were to give weight to the White Affidavit, the White Affidavit fails to state White's citizenship at the time of removal, *Coury*, 85 F.3d at 249 ("diversity of citizenship must exist both at the time of filing in

state court *and* at the time of removal to federal court") (emphasis added), fails to state White's intention to remain in Louisiana, *see MidCap Media Fin, L.L.C.*, 929 F.3d at 313 (domicile requires residence *and* intent to make the residence one's home), and fails to provide a factual basis for White's assertion that he is a Louisiana citizen, *Coury*, 85 F.3d at 251 (noting factors courts consider to determine domicile).[5] Second, White's driver's license, certificate of driving record, and voter registration do not establish that White lived in Louisiana with the requisite intent to remain in Louisiana during the relevant time period. *See Nyamtsu v. Melgar*, Civil Action No. H-13-2333, 2013 WL 6230454, at *3 (S.D. Tex. Dec. 2, 2013) (citation omitted) (finding that defendant's Texas bank account and Texas driver's license were merely consistent with defendant's failure to sever ties with Texas and did not establish defendant's indefinite intent to remain in Texas in light of evidence that defendant changed his domicile to another state). Finally, MAIC fails to provide other relevant information, such as White's place of employment, memberships in clubs or churches, locations where he pays taxes,[6] locations where he owns property, and locations where he maintains bank accounts. *Coury*, 85 F.3d at 251.

Accordingly, the Court finds that MAIC has not met its burden to establish diversity jurisdiction by a preponderance of the evidence. Given binding precedent that removal is to be "strictly construed" and "any doubt about the propriety of removal jurisdiction is resolved in favor of remand," *Gasch*, 491 F.3d at 281-82 (citation omitted), the Court must remand for lack of subject matter jurisdiction.

---

[5] The White Affidavit also contains conclusory statements and legal conclusions without providing a factual foundation. White Aff., ¶ 4 ("I am a resident and citizen of the State of Louisiana."). This is not sufficient proof to demonstrate White's citizenship. *See Ashford Hosp. Fin., LP v. Wachovia Bank, N.A.*, Civil Action No. 3:09-cv-1240-D, 2010 WL 11578737, at *2-3 (N.D. Tex. Mar. 18, 2010) (noting that the court cannot rely on inadmissible evidence to determine the court's jurisdiction and striking conclusory statements and legal conclusions in affidavit as inadmissible).

[6] White states in the White Email that he pays taxes in Louisiana. Am. Notice of Removal, Ex. A. However, in the notarized White Affidavit, White is silent as to where he pays taxes. *Id.*

10

### C. *Attorney's Fees and Costs*

Plaintiff also requests an award of attorney's fees and costs incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). Mot. for Remand 4, 14-15. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Generally, courts may award attorney's fees under 28 U.S.C. § 1447(c) only when the removing party lacked an objectively reasonable basis for seeking removal. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000). Although the Court finds that removal was improper in this case, the Court is unable to conclude that MAIC lacked an objectively reasonable basis for removing this case. Accordingly, the Court denies Plaintiff's request for attorney's fees and costs.

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Remand and Brief in Support and Motion for Costs [ECF No. 6]. The Court **GRANTS** the Motion for Remand, and **DENIES** the Motion for Costs. This case is **REMANDED** to County Court at Law No. 4, Dallas County, Texas, for further proceedings. All other pending motions are **DENIED** as moot.

**SO ORDERED.**

SIGNED February 21, 2021.

*[signature]*

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**